UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MAMMY, | 1:10-cv-00563 MJS HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT |
| v. | [Doc. 12] |
| ERIC H. HOLDER JR., et al., | |
| Respondents. | |

Petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 42 U.S.C. § 2241 on April 1, 2010.  Petitioner challenges a disciplinary matter while being detained by the Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

**I.    BACKGROUND**

Petitioner is a native of the Republic of Sierra Leone. Petitioner was taken into custody and placed in removal proceedings in 2008. In the habeas petition filed April 1, 2010, Petitioner asserts that the Kern County Sheriff violated his due process rights with regard to a disciplinary violation.

///

## II. ANALYSIS

Respondent presents evidence to the Court that Petitioner was removed from the United States to Sierra Leone on July 19, 2010. Because the petition for habeas relief attacks issues regarding Petitioner's continued detention, the petition is now moot. The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54, 108 L. Ed. 2d 400 (1990) (internal quotations omitted). If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

The relief that Petitioner requested in his habeas petition, i.e., due process regarding a disciplinary violation, can no longer be granted by the Court. Therefore, this habeas action relating to his did-continued detention, is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (holding that "there must be some remaining 'collateral consequence' that may be redressed by success on the petition" in order to continue to seek habeas corpus relief); Picrin-Peron, 930 F.2d at 775.

The United States Supreme Court has held that speculation and conjecture of future improper conduct is insufficient to defeat mootness, and that the "the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." City of L.A. v. Lyons, 461 U.S. 95, 101-02, 108-09, 103 S. Ct. 1660, 1664-65, 75 L. Ed. 2d 675 (1983) (internal quotations omitted). As Petitioner is no longer detained, his habeas petition alleging due process violations in a disciplinary hearing is now moot. See Kaur v. Holder, 561 F.3d 957, 959 (9th Cir. 2009); Abdala, 488 F.3d at 1064-65.

## III. CONCLUSION

The Petition for Writ of Habeas Corpus is moot because the petition challenges a disciplinary hearing that would effect the terms of his detention. Petitioner is no longer detained as he has been removed from the United States. There is no existing case or

controversy over which this Court may exercise jurisdiction. Accordingly the case is moot and must be dismissed.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice;

2. The Clerk of Court is DIRECTED to dismiss all pending motions as MOOT; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:     November 3, 2010              /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE